IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRY DUMAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 09-271 |
| vs. ) | |
| ) | |
| MICHAEL HARLOW, Superintendent of ) | Magistrate Judge Maureen P. Kelly |
| S.C.I.-Mercer; FRANCIS J. SCHULTZ, ) | |
| Esq., District Attorney of Crawford County; ) | |
| and THE ATTORNEY GENERAL OF ) | |
| THE COMMONWEALTH OF ) | |
| PENNSYLVANIA, ) | |
| ) | |
| Respondents. ) | |

## **OPINION**

Terry Dumas ("Petitioner") was convicted of robbery and conspiracy in 2004, after a jury trial in the Court of Common Pleas of Crawford County ("the Sentencing Court"). As a consequence, he is currently incarcerated in the State Correctional Institution at Mercer (SCI-Mercer"), serving an aggregate sentence of 10 to 20 years for those convictions. He has filed a Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254. Despite the fact that his conviction became final on September 4, 2005, he did not file the instant Petition until October 19, 2009. Because the Petition violates the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one year statute of limitations, and because Petitioner failed to carry his burden to show entitlement to the extraordinary relief of equitable tolling, the Petition will be denied as time-barred.

**I. RELEVANT FACTUAL AND PROCEDURAL HISTORY**

The parties to this Petition are well aware of the underlying facts of the crime and, as such, the Court will not recite them. Suffice it to say that Petitioner and his co-conspirator, while sitting in the car with the victim of their crime, attacked the victim, choked the victim and took his money. Police were called to the scene and they followed tracks in the snow which lead from the car into a building where the police found Petitioner and his co-conspirator. Police took the two to the hospital where the victim was being treated after the attack and upon seeing the Petitioner and his co-conspirator, the victim immediately identified them as his attackers.

Petitioner was sentenced on August 11, 2004.[1] His post-sentence motion for judgment of acquittal was denied by the Sentencing Court and, through court-appointed counsel, Petitioner filed an appeal to the Pennsylvania Superior Court.[2]

On June 8, 2005, Petitioner filed a Post Conviction Relief Act ("PCRA") Petition, however, he did so at the time while his appeal to the Pennsylvania Superior Court was still pending. As a result, the Sentencing Court dismissed the PCRA Petition on June 10, 2005 in

---

[1] The Court takes judicial notice of the dockets in Petitioner's criminal case of Commonwealth v. Dumas, CP-20-CR-0000088-2004 (Crawford County CCP) which are available at:

http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?docketNumber=CP-20-CR-0000088-2004
(site last visited 3/29/2012).

[2] The Court takes judicial notice of the dockets in the Superior Court of Petitioner's direct appeal Commonwealth v. Dumas, 2185 WDA 2004 (Pa.Super.Ct.) which are available at:

http://ujsportal.pacourts.us/DocketSheets/SuperiorCourtReport.aspx?docketNumber=2185 WDA 2004
(site last visited 3/29/2012).

accordance with Pennsylvania law. On June 16, 2005, Petitioner's court appointed attorney sent Petitioner a letter, indicating that he would withdraw his appearance once the Superior Court decided the appeal. ECF No. 4-1 at 1. This letter was prompted by the fact that in his pro se PCRA Petition, Petitioner apparently complained of ineffective assistance of counsel. In that letter, Petitioner's counsel admonished Petitioner that "[i]f you do not want me to withdraw, then you need to let me know immediately so that I do not." Id. On August 4, 2005, the Superior Court affirmed Petitioner's convictions. On August 11, 2005, (one week after the Superior Court decided Petitioner's appeal), Petitioner's counsel, filed in the Sentencing Court, a motion to withdraw. The following day, the Sentencing Court entered an order granting counsel's motion to withdraw. Petitioner did not file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court, relative to the Superior Court's decision of August 4, 2005.

On the Sentencing Court's docket is an entry on September 16, 2005, indicating that the Sentencing Court received the Superior Court's opinion and that the record was remanded from the Superior Court to the Sentencing Court. Nothing further occurred on the Sentencing Court's docket until August 24, 2009, when Petitioner filed a pro se Petition for Copies of the Entire Docket, which was denied that very same day by the Sentencing Court.

On October 19, 2009, Petitioner signed his Motion to Proceed in Forma Pauperis in order to file the present Petition. ECF No. 1 at 2. The Petition was eventually filed on November 19, 2009. ECF No. 4. The Respondent District Attorney filed an Answer and asserted that the Petition was filed beyond the AEDPA statute of limitations. ECF No. 7. The Answer was stricken for failure to comply with a prior Court order. ECF No. 14. The District Attorney was ordered to re-file an Answer. Id. On January 27, 2010, before Respondent re-filed an Answer,

3

Petitioner filed a Reply, raising a host of issues but not addressing the statute of limitations issue. ECF No. 16.

On February 24, 2010, the District Attorney filed an Answer, which again raised, *inter alia*, the statute of limitations defense. ECF No. 17. On March 17, 2010, Petitioner filed a Reply to the Answer. In the Reply, Petitioner did respond to the statute of limitations defense. ECF No. 18 at 5 - 6. He also sought leave to amend the Petition. The Court granted the request. ECF No. 22. The Amended Petition was filed on December 20, 2010. ECF No. 23. The District Attorney filed a Response to the Amended Petition, wherein the statute of limitations was again raised. ECF No. 25.

In June 2011, this case was reassigned to the undersigned. The parties have consented to have the Magistrate Judge exercise plenary jurisdiction. ECF Nos. 6, 20.

## II. DISCUSSION

### A. The AEDPA Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254 was enacted on April 24, 1996. Because the Petition in this case was filed after its effective date, the AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

Respondents pointed out in their Reply that this Petition is untimely under the AEDPA. As relevant here, the AEDPA requires that state prisoners file their federal habeas petition within one year after their conviction became final.[3] Specifically, AEDPA provides that:

---

[3] Although the AEDPA provides three other potential starting points for the running of its one

footnote continued

4

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . . .
>
> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In this case, Petitioner's conviction became final on September 4, 2005, i.e., thirty days after the Pennsylvania Superior Court affirmed his conviction where no Petition for Allowance of Appeal was filed with the Pennsylvania Supreme Court. Drawbaugh v. Beard, No. 3:10-CV-1929, 2011 WL 6960967, at *2 n.3 (M.D.Pa. Nov. 9, 2011) ("Drawbaugh's conviction became final 30 days after the decision of the Pennsylvania Superior Court since he did not petition the Pennsylvania Supreme Court for allocatur."), *report and recommendation adopted by*, 2012 WL 32815 (M.D.Pa. Jan. 6, 2012); Barclay v. Pennsylvania, Civ.A. No. 11–478, 2011 WL 5237318 at *3 (E.D. Pa. Sept. 21, 2011), *report and recommendation adopted by*, 2011 WL 5248135 (E.D.Pa. Nov. 3, 2011). See also Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); Kapral v. United States, 166 F.3d 565, 575, 577 (3d Cir. 1999).

---

year limitations period, Petitioner has not argued for the application of any of those three other starting points and, indeed, from the record, none appear to be applicable.

As provided by the AEDPA, Petitioner would have had until September 4, 2006, in which to file his Petition attacking deficiencies in his conviction. Petitioner did not file the present Petition until, at the earliest October 19, 2009, the date whereon he signed his in forma pauperis ("IFP") application.[4] While it is true that a properly filed post conviction or collateral petition that was filed and/or pending would have tolled the running of AEDPA's limitations period,[5] Petitioner filed his first and only PCRA petition while his direct appeal to the Pennsylvania Superior Court was still pending and the PCRA Petition was dismissed as a result. Therefore, the PCRA petition could not toll the running of AEDPA's statute of limitations because it had not yet begun to run until after the conviction became final and after the PCRA petition was no longer pending. Accordingly, between September 4, 2005 (the day Petitioner's conviction became final) and October 19, 2009 (the day Petitioner signed the IFP in support of the Petition), a total of 1,506 days passed.[6] Absent a finding of equitable tolling, the Petition is clearly time-barred and must be dismissed.

---

[4] The court will deem the date of the filing to be the date Petitioner signed his IFP application. The so-called "prisoner mail box rule" provides that "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998); United States v. Soto, 159 F.Supp.2d 39, 45 (E.D. Pa. 2001). Absent proof of the exact date of delivering the habeas petition to the prison authorities, the court will treat, the date whereon Petitioner signed his IFP application as the filing date. See Cromwell v. King, 27 F.App'x 13, 14 (2d Cir. 2001)("In the absence of other evidence regarding the date on which Cromwell's petition was handed to prison officials for mailing, we consider his petition to have been filed on September 2, 1997, the date on which petitioner signed his in forma pauperis application. *See Rhodes v. Senkowski*, 82 F.Supp.2d 160, 165 (S.D.N.Y.2000) (collecting cases)."); Henshaw v. Commissioner, Dept. of Correction, No. 99-848-SLR, 2000 WL 777868 (D. Del. June 8, 2000).

[5] See 22 U.S.C. § 2244(d)(2); Bennet v. Artuz, 199 F.3d 116, 119-22 (2d Cir. 1999), aff'd, 531 U.S. 4 (2000).

[6] For purposes of AEDPA's one year statute of limitations, a "year" means 365 days. See
footnote continued

### B. Doctrine of Equitable Tolling

The doctrine of equitable tolling applies to AEDPA's statute of limitations. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616 (3d Cir. 1998). The United States Court of Appeals for the Third Circuit described in Miller the limited nature of equitable tolling.

> [E]quitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Shendock, 893 F.2d at 1462. Generally, this will occur when the petitioner has "in some extraordinary way ... been prevented from asserting his or her rights." Oshiver, 38 F.3d 1380. The petitioner must show that he or she "exercised reasonable diligence in investigating and bringing [the] claims." New Castle County, 111 F.3d at 1126. Mere excusable neglect is not sufficient. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990); New Castle County, 111 F.3d at 1126.

Id. at 618-19. Put succinctly, a habeas petitioner seeking to invoke the doctrine of equitable tolling must establish two things,: 1) the existence of "extraordinary circumstances" which prevented him from filing in a timely manner and 2) that he acted with reasonable diligence. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."), *reh'g and suggestion for reh'g en banc denied*, 207 F3d 666 (11th Cir. 2000). See also Lacava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005) ("Equitable tolling is appropriate . . . such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."). In order "[t]o establish the extraordinary circumstances necessary to equitably toll the AEDPA's statute of limitations, a habeas petitioner must prove that the cause of his delay was both beyond his

---

Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001).

control and unavoidable even with diligence." Simmons v. Yukins, No. Civ. 01-CV-71287-DT, 2001 WL 739505, at *2 (E.D. Mich. May 9, 2001).

Because equitable tolling is a doctrine of equity, as its name implies, the equitable maxim of one who seeks equity must do equity, Koster v. American Lumbermens Mut. Casualty Co., 330 U.S. 518, 522 (1947), likewise applies. In the present context, this principle of he who seeks equity must do equity requires that Petitioner not have delayed pursuit of his rights. This is so because "[e]quity is not intended for those who sleep on their rights." Covey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir. 1989).

Hence, in addition to proving the existence of extraordinary circumstances, and as a corollary of the principle that equity does not assist those who sleep on their rights, "the party seeking equitable tolling must have acted with reasonable diligence **throughout the period he seeks to toll**." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000) (emphasis added) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

In this case, given that Petitioner waited a total of 1506 countable days prior to filing the instant Petition, and he had only 365 days in which to bring his Petition, he must show that he acted with reasonable diligence for a period of 1141 days (1506 days expended minus 365 days allotted) in order to render his petition timely because he must have the 1141 days equitably tolled in order to bring himself within the 365 days allotted by AEDPA. See Lacava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005).[7]

---

[7] The Court stated in Lacava that

> It is a well-established principle that, in order for appellant to claim an entitlement to equitable tolling, he must show that he "exercised reasonable diligence in ... bringing [the] claims." *Miller*, 145 F.3d at 618-619 (*quoting New Castle County v.*
> footnote continued

Petitioner does appear to argue for equitable tolling in his Amended Petition. ECF No. 23 at 5 to 6. Specifically, he states in the subsections of Paragraph 13 of the Amended Petition that:

a-  Equitable tolling of habeas limitations periods is appropriate only under limited conditions for example, where extraordinary circumstances beyond a petitioner's control prevent timely filing of a petition, or where the Commonwealth has lulled the petitioner into inactions; 28 U.S.C.A. § 2244(d)(1). While the petitioner gathers every possible scrap of evidence that might support his claims.

b-  The petitioner being a layman and not well versed [in] articulating the law. Mr. Dumas [is] a prisoner pro se litigant, nor is it practical for this Honorable court to replace the legal research and advocacy that counsel should bring to a proceeding. Time begins when the prisoner knows or th[r]ough diligence cold discover the important facts, not when the prisoner recognizes their legal significance. If § 2244(d)(a) used a subjective rather than objective standard, then there would be no effective time limit, as Dumas has limited education, and it[']s hard to get help from other inmate/ or jail house lawyer.

ECF No. 23 at 5 to 6.

In considering Petitioner's argument, we note that it is the burden of the Petitioner in a habeas case to show entitlement to tolling. See, e.g., Polk v. Cain, No. Civ. A. 00-3026, 2001 WL 736755, *9 (E.D. La. June 23, 2001)("A person seeking the tolling of the statute of limitations period has the burden of showing circumstances exist that justify

---

*Halliburton NUS Corp.*, 111 F.3d 1116, 1126 (3d Cir.1997); *see also Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)). **This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well**. *See, e.g., Jones v. Morton*, 195 F.3d at 160 (equitable tolling is not warranted where appellant "made no showing that he 'exercised reasonable diligence' in satisfying the exhaustion requirement in order to present his claims in a timely federal habeas petition").

Lacava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005) (emphasis added).

9

tolling."); Balagula v. United States, 73 F.Supp.2d 287, 291 (E.D.N.Y. 1999)("The burden lays with the petitioner to establish the entitlement to equitable tolling."); Turner v. Singletary, 46 F.Supp.2d 1238, 1243 (N.D. Fla. 1999)("The burden is upon the petitioner to show that equitable tolling is warranted.").

Here, Petitioner has not carried his burden to show entitlement to equitable tolling. While it is true that Petitioner is proceeding pro se and is, in his words, a "layman and not well versed [in] articulating the law", such are not sufficient reasons to constitute extraordinary circumstances so as to merit entitlement to equitable tolling. Hall v. Warden, Lebanon Correctional Inst., 662 F.3d 745, 751 (6th Cir. 2011) (pro se status and lack of knowledge of law are not sufficient to constitute extraordinary circumstances and excuse late filing). Even if he were illiterate, such would not be a sufficiently extraordinary circumstance. Wilson v. Stickman, Civ. A. Nos. 03–699, 03–953, 2005 WL 1712385, *3 (E.D.Pa. July 21, 2005) (concluding that a habeas petitioner's "virtual illiteracy" did not warrant equitable tolling).

Petitioner also alleges that his attorney failed to timely file a Petition for Allowance of Appeal to the Pennsylvania Supreme Court. Petitioner further asserts that his tardiness in filing the present Petition should be excused because the Commonwealth "was responsible for this failure" because the Commonwealth appointed his counsel. See ECF No. 23 at 8. However, attorney error again is not an extraordinary circumstance that justifies equitable tolling. Merritt v. Blaine, 326 F.3d 157, 169 (3d Cir. 2003) ("[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling.") (*quoting,* Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001)). See also Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002); Harrison v. General Motors Corp., 275 F.3d 47 (5th Cir. 2001) (Table, unpublished), 2001 WL

1268765, *1 ("Harrison 'cannot rely upon *any* failure on the part of [her] chosen attorney as diligence or an excuse for lack of diligence, because the acts of one's attorney [are] imputed to the client.'").

Even if Petitioner could establish extraordinary circumstances, he fails to establish that he acted diligently throughout the time he needs to have tolled.

For example, Petitioner was put on notice by means of the June 16, 2005 letter from his court appointed attorney, informing Petitioner that as soon as the Superior Court rendered its decision in Petitioner's appeal, the attorney would be moving to withdraw and that if Petitioner did not want the attorney to withdraw, he had to so inform the attorney immediately. ECF No. 4-1. That Petitioner did not respond and that he waited for four years to file his Petition after his conviction became final simply does not demonstrate the kind of diligence necessary to render equitable tolling appropriate here. Thus, Petitioner has failed to show any extraordinary circumstances or reasonable diligence so as to justify equitable tolling.

Accordingly, the Petition will be dismissed as being time-barred.

## III. CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000); Walker v. Government of The Virgin Islands, 230 F.3d 82, 89-90 (3d Cir. 2000). In Slack v. McDaniel, the United States Supreme Court held that "when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue

11

when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. at 478. Hence, the analysis as to whether a certificate of appealability should issue to review a procedural question, has "two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Id. at 484-85. The test is conjunctive and both prongs must be met. See Walker v. Government of the Virgin Islands, 230 F.3d at 90.

Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable whether this Court was correct in dismissing the Petition for being untimely under AEDPA. Accordingly, a certificate of appealability is denied.

> BY THE COURT,
>
> s/ Maureen P. Kelly
> MAUREEN P. KELLY
> U.S. MAGISTRATE JUDGE

Date: July 6, 2012

cc: TERRY DUMAS
 HK-5994
 SCI MERCER
 801 BUTLER PIKE
 MERCER, PA 16137

 All Counsel of Record via CM-ECF